1   LINDBERGH PORTER, Bar No. 100091
     KURT R. BOCKES, Bar No. 171647
2   DEBORAH OLALEYE, Bar No. 315838
     LITTLER MENDELSON, P.C.
3   333 Bush Street, 34th Floor
     San Francisco, CA  94104
4   Telephone:  415.433.1940
     Fax No.:     415.399.8490
5   Email:     lporter@littler.com
            kbockes@littler.com
6            dolaleye@littler.com

7

8   Attorneys for Defendant
     ESA MANAGEMENT, LLC

9

                UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| ADRIENNE LIGGINS, individually and on behalf of others similarly situated and aggrieved, | Case No. |
| Plaintiff, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT BY DEFENDANT ESA MANAGEMENT, LLC** |
| v. | **[28 U.S.C. §§ 1332, 1441, 1446]** |
| ESA MANAGEMENT , LLC, a Delaware corporation; EXTENDED STAY AMERICA - ANAHEIM CONVENTION CENTER, a business entity of unknown form, and DOES 1 through 50, inclusive, | Orange County Superior Court Case No. 30-2018-01005653-CU-OE-CXC Complaint filed: July 13, 2018 |
| Defendants. | |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

**TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant ESA MANAGEMENT, LLC (hereinafter "ESA" or "Defendant"), hereby notices the removal of the above-captioned suit from the Orange County Superior Court ("Superior Court") to the United States District Court for the Central District of California, Southern Division (the "District Court").  This removal is based on 28 U.S.C. §§ 1441 and 1446.  This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C § 1332(d) (Class Action Fairness Act or "CAFA").

As required by 28 U.S.C. § 1446(d), Defendant is filing in the Superior Court of the State of California, County of Orange, and serving upon Plaintiff and her counsel of record, a <u>Notice To State Court and Adverse Parties of Removal of Civil Action to Federal Court</u> (with these removal papers attached).  A true and correct copy of said Notice without its attachments is attached hereto as **Exhibit A**.

In support of this Notice of Removal, Defendant states the following:

## I.    STATE COURT PROCEEDINGS

1.    On or about July 13, 2018, Plaintiff Adrienne Liggins ("Plaintiff" or "Liggins") filed a putative class action Complaint in the Superior Court of California, County of Orange, which is captioned as follows: *Adrienne Liggins, individually and on behalf of other similarly situated and aggrieved v. ESA Management, LLC, Extended Stay America-Anaheim Convention Center and Does 1 through 50, inclusive*, designated as Case No. 30-2018-01005653-CU-OE-CXC.   A true and correct copy of the Complaint served on Defendant on September 7, 2018 is attached hereto as **Exhibit B** (hereinafter the "Complaint") and incorporated herein by reference.  A true and correct copy of the Proof of Service of Summons is attached hereto as **Exhibit C**.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

2.      Plaintiff's Complaint alleges eleven causes of action for: (1) Failure to Provide Required Meal Periods; (2) Failure to Provide Required Rest Periods; (3) Failure to Pay Overtime Wages; (4) Failure to Pay Minimum Wages; (5) Failure to Timely Pay Wages; (6) Failure to Pay All Wages Due to Discharged and Quitting Employees; (7) Failure to Furnish Itemized Wage Statements; (8) Failure to Maintain Required Records; (9) Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties; (10) Unfair and Unlawful Business Practices; and (11) Penalties under Labor Code Private Attorneys General Act.

3.      In addition to her own claims, Plaintiff seeks to represent a class of "all current and former non-exempt employees of Defendants in the State of California at any time within the period beginning four (4) years prior to the filing of this action and until the time it settles or proceeds to final judgment." (*See* Complaint ¶ 6)

4.      In her Complaint, Plaintiff states that she is a resident of the State of California and was employed by Defendant in the State of California.  (*See* Complaint ¶¶ 3-4.)

5.      Plaintiff seeks compensatory damages, restitution, liquidated damages, unpaid wages, declaratory and injunctive relief, statutory penalties, civil penalties, attorneys' fees and costs of suit, among other damages.  (*See* Complaint, Prayer for Relief.)  Plaintiff's Complaint is otherwise silent as to the value of relief sought by way of this action.

6.      On September 7, 2018 Defendant was served with a Notice of Case Management Conference and Order.  A true and correct copy of the Notice of Case Management Conference and Order is attached hereto as **Exhibit D**.

7.      Defendant filed and served a timely Answer to the Complaint on October 4, 2018.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit E**.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

3.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

8.    To the best of Defendant's knowledge, no further proceedings have been filed in the State Court Action, and the papers described above constitute all process, pleadings and orders served in the State Court Action.

## II.    TIMELINESS OF REMOVAL

9.    The instant Notice of Removal of Civil Action has been timely filed because it is made within thirty (30) days after the receipt by Defendant of a copy of the initial pleading which sets forth the removable claim.  *See* 28 U.S.C. § 1446(b); Federal Rule of Civil Procedure, Rule 6(a)(1)(C); (*See* Exhibits B-C).

## III.    JURISDICTION AND VENUE

10.    This is a suit of a wholly civil nature brought in a California court. Venue is appropriate in this Court for purposes of this removal because the action was removed from the Superior Court of California for the County of Orange to the District embracing the place where the action is pending pursuant to 28 U.S.C. §§ 84(c), 1391, 1441(a) and 1446.

11.    The District Court has original jurisdiction under the CAFA, 28 U.S.C. section 1332(d), and the action may be removed pursuant to 28 U.S.C. section 1446, in that this action is brought on behalf of greater than one hundred (100) persons, at least one of whom is a citizen of a state different from any defendant, wherein the amount in controversy exceeds the sum of five million dollars ($5,000,000), exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

## IV.    INTRADISTRICT ASSIGNMENT

12.    The Southern Division of the United States District Court for the Central District of California comprises of Orange County.  28 U.S.C. § 84(c)(3).  Plaintiff filed this case in the Superior Court of California, County of Orange, and therefore, assignment to the Southern Division is appropriate.

## V.    REMOVAL JURISDICTION PURSUANT TO CAFA

13.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA").  The CAFA grants federal district courts

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

4.

1    original jurisdiction over civil class action lawsuits filed under federal or state law in

2    which there are greater than 100 members of the class, and any member of a class of

3    plaintiffs is a citizen of a state different from any defendant and the matter in

4    controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs.

5    28 U.S.C. § 1332(d).    The CAFA authorizes removal of qualifying actions in

6    accordance with 28 U.S.C. § 1446.  This case meets each of the CAFA requirements

7    for removal because, as is set forth more particularly below: (1) the proposed class

8    contains at least 100 members; (2) there is diversity between at least one putative class

9    member and any named defendant; (3) the total amount in controversy exceeds

10    $5,000,000; and (4) Defendant is not a state, state official, or other governmental

11    entity.

12           **A.    Plaintiff's Action is Pled as a Class Action.**

13           14.    Under CAFA, "class action" means any civil action filed under Rule 23

14    of the Federal Rules of Civil Procedure or similar State statute or rule of judicial

15    procedure authorizing an action to be brought by one or more representative persons

16    as a class action." 28 U.S.C. § 1332(d)(1)(B).

17           15.    Plaintiff's Complaint asserts that she is attempting to represent a class of

18    current and former non-exempt employees of Defendant during a time period starting

19    from four years before the filing of the action. (*See* Complaint ¶ 6.)

20           **B.    Plaintiff Brought This Action on Behalf of More Than 100**

21                  **Persons.**

22           16.    The CAFA provides that "the number of members of all proposed

23    plaintiff classes in the aggregate [not be] less than 100." 28 U.S.C. § 1332(d)(5)(B).

24    CAFA defines "class members" as those "persons (named or unnamed) who fall

25    within the definition of the proposed or certified class in a class action." 28 U.S.C. §

26    1332(d)(l)(D).

27           17.    Here, the putative class Plaintiff purports to represent significantly

28    exceeds one hundred (100) members.  Plaintiff seeks to certify a class consisting of

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

5.

"all current and former non-exempt employees of Defendants in the State of California at any time within the period beginning four (4) years prior to the filing of this action and until the time it settles or proceeds to final judgement." (*See* Complaint ¶ 6.) Defendant's records indicate that between July 13, 2014 and April 24, 2018, it employed approximately 4,384 non-exempt employees in California during this period.[1] (*See* **Exhibit F** [Declaration of Jamie Burns (hereinafter "Burns Decl.")], ¶ 4.)

18.     Plaintiff's proposed class significantly exceed one hundred (100) members.    Thus, CAFA's numerosity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C.    Plaintiff Is a Citizen of California And Defendant Is Not.

19.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Minimal diversity of citizenship exists here because Plaintiff and Defendant ESA Management, LLC are citizens of different states.

20.     For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A party's residence is *prima facie* evidence of domicile. *See Lew v. Moss*, 797 F.2d 747,751 (9th Cir. 1986) (holding that residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (holding that allegation in state court complaint of residency "create[s] a presumption of continuing residence in [state] and put[s] the burden of coming forward with contrary evidence on the party seeking to prove otherwise").  Per Plaintiff's Complaint, Plaintiff resides in the State of California. (*See* Complaint ¶ 4.)  Additionally, Defendant's employment records

---

[1] Please note that the calculations and estimates used throughout and in support of this Notice are based on the number of employees during the respective start date until the end of April 2018.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1    reflect that Plaintiff informed the Company that her home address was in Orange,

2    California. (Burns Decl., ¶ 3.)  Therefore, Plaintiff is a citizen of California.

3        21.    ESA Management, LLC is a Delaware limited liability company with its

4    principal place of business in Charlotte, North Carolina.  (Burns Decl., ¶ 2.)  Because

5    ESA is a limited liability corporation, for diversity purposes, it is treated as a citizen

6    of each state of which its members are citizens.  *Johnson v. Columbia Properties*

7    *Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006).  The sole member of Defendant ESA

8    Management, LLC is Extended Stay America, Inc.  (Burns Decl., ¶ 2.)  As such, for

9    the purposes of diversity jurisdiction, ESA is a citizen of any state in which Extended

10   Stay America, Inc. is a citizen.

11       22.    A corporation is deemed to be a "citizen" of the state in which it has been

12   incorporated and the state where it has its principal place of business.  28 U.S.C. §

13   1332(c)(1).  In *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), the United States

14   Supreme Court clarified the test that is to be applied to determine a corporation's

15   principal place of business.  The Court concluded that "principal place of business" is

16   best read as referring to the place where a corporation's officers direct, control, and

17   coordinate the corporation's activities.  It is the place that Courts of Appeals have

18   called the corporation's "nerve center."  In practice, it should normally be the place

19   where the corporation maintains its headquarters—provided that the headquarters is

20   the actual center of direction, control, and coordination, i.e., the "nerve center," and

21   not simply an office where the corporation holds its board meetings." *Id.*

22       23.    Extended Stay America, Inc. was at the time of the filing of this action,

23   and still is, incorporated under the laws of the State of Delaware with its principal

24   place of business in Charlotte, North Carolina.  (Burns Decl., ¶ 2.)  Extended Stay

25   America, Inc.'s corporate and executive offices are located in Charlotte, North

26   Carolina.  (*Id.*)  Extended Stay America, Inc.'s senior executives, including but not

27   limited to the Chief Executive Officer, Chief Financial Officer, Chief Accounting

28   Officer, Chief Human Resources Officer, and Chief Asset Merchant are based in

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

7.

Charlotte, North Carolina. (*Id.*) Additionally, Charlotte, North Carolina is where all of Extended Stay America, Inc.'s primary administrative functions and operations, including but not limited to payroll, human resources, and talent management are performed. (*Id.*)

24. Plaintiff's Complaint named "Extended Stay America-Anaheim Convention Center" as a defendant. Extended Stay America-Anaheim Convention Center is a nonexistent legal entity. "A nonexistent legal entity may not be effectively served with summons as a named defendant." *Omega Video v. Superior Court*, 146 Cal. App. 3d 470, 477 (1983).

25. Does 1 through 50, inclusive, are wholly fictitious. (*See* Complaint ¶ 10.) Plaintiff's Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. The citizenship of these doe defendants is to be disregarded for the purposes of determining diversity jurisdiction, and therefore cannot destroy the diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

26. Accordingly, Plaintiff is a citizen of California, Defendant is organized and has its principal place of business outside California, and the minimum diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

**D.    More Than $5,000,000 Lies In Controversy.**

27. CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual class members "shall be aggregated" to determine whether the matter in controversy exceeds this amount. 28 U.S.C. § 1332(d)(6).

28. Plaintiff has not alleged a specific amount in controversy in her Complaint. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy has been met." *See Guglielmino v. McKee Foods Corp.*, 506

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

8.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1   F.3d 696, 699 (9th Cir. 2007); *Abrego Abrego v. Dow Chemical Co.*, 443 F. 3d 676,

2   683 (9th Cir. 2006).   That is, the defendant need only provide evidence establishing

3   that it is "more likely than not" that the amount in controversy exceeds CAFA's $5

4   million requirement.  *See Guglielmino*, 506 F. 3d at 699; *accord, Rodriguez v. AT & T*

5   *Mobility Serv. LLC*, 728 F.3d 975 (9th Cir. 2013).

6       29.    While Defendant denies Plaintiff's claims of wrongdoing and denies her

7   request for relief thereon, the facial allegations in Plaintiff's Complaint and the total

8   amount of statutory damages and attorneys' fees at issue in this action, when viewed

9   in the light most favorable to Plaintiff, is in excess of the jurisdictional minimum.

10  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in

11  notice of removal, combined with plaintiffs' allegations, sufficient to support finding

12  that jurisdictional limits satisfied).  "In measuring the amount in controversy, a court

13  must assume that the allegations of the complaint are true and that a jury will return a

14  verdict for the plaintiff on all claims made in the complaint."   *Kenneth Rothschild*

15  *Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)

16  (internal quotations omitted).  *See also Schere v. Equitable Life Assurance Soc'y of*

17  *the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable

18  amount of damages is not what is considered in the removal analysis; rather, it is the

19  amount put in controversy by plaintiff's complaint).   The estimate of the amount in

20  controversy should not be based on the "low end of an open-ended claim," but rather

21  on a "reasonable reading of the value of the rights being litigated." *Werwinski v. Ford*

22  *Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (citation omitted).

23      30.    Further, as one district court held, "[u]nder this standard, the removing

24  party's burden is not daunting," and defendants are not obligated to "research, state,

25  and prove the plaintiff's claims for damages.'"   *Cagle v. C & S Wholesale Grocers,*

26  *Inc.*, No. 2:13-cv-02134-MCE-KJN, 2014 U.S. Dist. LEXIS 21571, at *19-20 (E.D.

27  Cal. Feb. 19, 2014) (citations omitted) (denying remand motion).  That court noted

28  that "[w]hen a '(d)efendant's calculations (are) relatively conservative, made in good

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

9.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1    faith, and based on evidence whenever possible,' the court may find that the

2    '(d)efendant has established by a preponderance of the evidence that the amount in

3    controversy is met.'" *Id.* at *20, *quoting Behrazfar v. Unisys Corp.*, 687 F.Supp.2d

4    1199, 1204-05 (E.D. Cal. 2008) (citations omitted). Importantly, Defendant need not

5    provide summary judgment-type evidence. *Cagle,* 2014 U.S. Dist. LEXIS 21571, at

6    *21.

7        31.    Plaintiff seeks statutory and actual damages, attorneys' fees and

8    declaratory relief. (*See* Complaint, Prayer for Relief.)

9        32.    With respect to her wage and hour claims alone, without adding potential

10   PAGA penalties, Plaintiff's claimed damages exceed $5,000,000. Plaintiff seeks to

11   represent a class of all of Defendant's non-exempt employees who have been

12   employed in California over a four-year period prior to the filing of the Complaint.

13   (*See* Complaint ¶ 6.)   Plaintiff alleges causes of action for: (1) Failure to Provide

14   Required Meal Periods; (2) Failure to Provide Required Rest Periods; (3) Failure to

15   Pay Overtime Wages; (4) Failure to Pay Minimum Wages; (5) Failure to Timely Pay

16   Wages; (6) Failure to Pay All Wages Due to Discharged and Quitting Employees; (7)

17   Failure to Furnish Itemized Wage Statements; (8) Failure to Maintain Required

18   Records; (9) Failure to Indemnify Employees for Necessary Expenditures Incurred in

19   Discharge of Duties; (10) Unfair and Unlawful Business Practices; and (11) Penalties

20   under Labor Code Private Attorneys General Act

21       33.    California Code of Civil Procedure section 338(a) provides that the

22   statute of limitations for actions to recover wages is three (3) years. However,

23   Plaintiff's Complaint asserts that Defendant's alleged Labor Code violations predicate

24   a claim under California Business and Professions Code sections 17200, et seq. (the

25   "UCL"). A four-year statute of limitations applies to UCL claims, including recovery

26   of wages and related damages. Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolator*

27   *Air Filtration Prods. Co.*, 23 Cal. 4th 163, 177-179 (2000) (holding actions for unpaid

28   wages pursuant to the UCL are subject to a four-year statute of limitations).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

10.

34.     Defendant's records indicate that the Company has employed approximately 4,384 individuals as non-exempt hotel employees during this time. (Burns Decl., ¶ 4.)  To assist in determining the amount in controversy, Defendant determined the average number of workweeks that each non-exempt employee worked at a California location during the putative four-year statute of limitations. (Burns Decl., ¶ 4.)   The average number of workweeks worked by each hourly employee at a California location during the putative four-year statute of limitations is 72. (*Id.*)  The current average hourly rate earned by non-exempt hotel employees in California during is $13.35. (Burns Decl., ¶ 5.)

35.     Defendant denies the validity and merit of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them.  Nevertheless, assuming Plaintiff's claims to be true for purposes of this removal only, it is apparent that Plaintiff seeks monetary relief exceeding the CAFA jurisdictional minimum.

### 1.     Failure to Provide Required Meal Periods.

36.     Plaintiff alleges that pursuant to Defendant's policy, Plaintiff and members of the class were not provided with meal periods in accordance with applicable Industrial Welfare Commission Wage Order and the California Labor Code sections 226.7 and 512, whereby they were relieved of all duties during their meal periods. (*See* Complaint ¶¶ 5, 15-19.)  The Complaint does not specify the frequency of missed meal periods.  Based on the far-reaching allegations in Plaintiff's Complaint, Defendant calculated the amount in controversy on Plaintiff's Meal Period Claim by conservatively estimating one missed meal period violation per week per employee for approximately one-half of the class.

37.     California Labor Code section 226.7 imposes a penalty of one hour of pay for each meal break that the employer does not provide.  Therefore, although Defendant denies the validity of this claim, assuming just one meal period violation per employee per week for approximately one-half of the class, the amount at issue for

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

11.

Plaintiff's meal period claim, without considering whether Plaintiff or putative class members were not provided with a second meal period, is: **$2,106,950.40** [1 meal period * 2,192 putative class members * 72 workweeks * 13.35 average rate of pay]

### 2. Failure to Provide Required Rest Periods.

38.    Plaintiff alleges that she and other putative class members were not permitted to take rest periods as required under California law and Applicable California Wage Orders. (*See* Complaint ¶¶ 5, 20-23.) The Complaint does not specify the frequency of missed rest periods. Based on the far-reaching allegations in Plaintiff's Complaint, Defendant calculated the amount in controversy on Plaintiff's Rest Period Claim by conservatively estimating one rest period violation per employee per week. *See Quintana v. Claire's Stores*, 2013 U.S. Dist. LEXIS 58289, *21 (N.D. Cal., Apr. 22, 2013) ("estimates of one meal or rest break violation per week is an acceptable method to calculate possible damages for these claims"). California Labor Code section 226.7 imposes a penalty of one hour of pay for each rest break that the employer does not provide. Therefore, assuming that just one-half of the class experienced one rest period violation per employee per week, the amount at issue for Plaintiff's Rest Period Claim for hotel employees in California is: **$2,106,950.40** [1 rest break * 2,192 putative class members * 72 workweeks * 13.35 average rate of pay] (Burns Decl., ¶¶ 4-5.)

### 3. Failure to Pay Overtime Wages

39.    Plaintiff's unpaid overtime claim is based upon the assertion by Plaintiff that Defendant "failed to compensate Plaintiff and Class Members for all overtime hours worked...by, among other things: failing to pay overtime at one and one-half or double the regular rate of pay...[and] requiring, permitting or suffering Plaintiff and Class Members to work off the clock...," etc. (*See* Complaint ¶¶ 5, 24-28.)

40.    For the purposes of removal only, Defendant assumes that Plaintiff and half of the putative class members each worked one hour of overtime per week for each week he or she was employed between July 13, 2014 and April 24, 2018.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

12.

1    Applying the overtime rate, or one and one-half times the average hourly rate, to the
2    total number of overtime hours, yields the total: **$3,161,214.72** [1 hour * 2,192
3    putative class members * 72 workweeks * $20.03 average overtime rate of pay]

4

5              **4.    Failure to Furnish Accurate Itemized Wage Statements.**

6         41.    Plaintiff alleges Defendant failed to provide accurate itemized wage
7    statements to her and the putative class members and is subject to civil penalties as a
8    result.  (*See* Complaint ¶¶ 5, 48-51.)    Labor Code section 226(c) provides for
9    penalties in the amount of "fifty dollars ($50) for the initial pay period in which a
10   violation occurs and one hundred dollars ($100) per employee for each violation in a
11   subsequent pay period, not exceeding an aggregate penalty of four thousand dollars
12   ($4,000)." Plaintiff's Wage Statement Claim is limited by the statute of limitations to
13   the one year prior to the filing of the Complaint, *i.e.* July 13, 2017.  *See Singer v.*
14   *Becton, Dickinson & Co., Med-Safe Sys.*, 2008 U.S. Dist. LEXIS 56326, *11-14 (S.D.
15   Cal. July 23, 2008).

16        42.    Between July 13, 2017 and April 24, 2018, when the data was pulled,
17   Defendant employed approximately 1,732 non-exempt employees in California.
18   (Burns Decl., ¶ 7.)  These employees worked an average of 32 workweeks in that
19   period. (*Id.*)  The Company pays employees on a bi-weekly basis.  (Burns Decl., ¶ 9.)
20   As such, each employee was issued an average of 16 wage statements.  Assuming
21   failure to furnish accurate itemized wage statements for approximately one-half of the
22   non-exempt employee class members, Defendant provided approximately 13,856
23   wage statements during the statutory period [866 employees * 16 pay periods].  866 of
24   these wage statements would be assessed at the "initial pay period" rate of $50,
25   yielding $43,300.  The remaining 12,990 wage statements would be assessed at the
26   "subsequent pay period" rate of $100, yielding $1,299,000.  Accordingly, the total
27   potential exposure for allegedly non-compliant wage statements exceeds **$1,342,300.**

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

13.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

### 5. Waiting Time Penalties.

43. Plaintiff and the putative class members seek waiting time penalties pursuant to Labor Code section 203. (*See* Complaint ¶¶ 38-44.) Labor Code section 203 provides for penalties in an amount up to 30 days' wages for failure to timely pay wages to employees upon their termination. Cal. Lab. Code § 203. The statute of limitations on a claim for waiting time penalties is three years and is not increased by the UCL. *See Pineda v. Bank of America, N.A.*, 50 Cal.4th 1389 (2010) (statute of limitations not increased for penalties pursuant to Labor Code section 203 because these penalties cannot be recovered as restitution under the Unfair Competition law). Between July 13, 2015 and April 24, 2018, when the data was pulled, there were approximately 2,540 non-exempt hotel employees in California terminated. (Burns Decl., ¶ 6.) Defendant's non-exempt employees in California may work on either a part-time or full-time basis. (Burns Decl., ¶ 8.) Full time employees typically work 7.5 to 8 hours per day while part-time employees' hours vary from 4-8 hours per day. (*Id.*) Assuming conservatively that approximately one-half of the terminated non-exempt hotel employees are entitled to penalties and each worked only 4 hours per day, the amount at issue for Plaintiff's Waiting Time Penalty Claim is **$2,034,540** [$13.35 average rate of pay * 4 hours * 30 days * 1270 putative class members].

### 6. PAGA Claim.

44. In addition to the above, Plaintiff seeks to recover penalties under PAGA for Defendant's failure to provide accurate and itemized wage statements, as well as for the other alleged claims in her Complaint. (*See* Complaint, ¶¶ 62-65.)

45. The Complaint is silent as to the value of the penalties and other relief Plaintiff claims in the aggregate. Plaintiff does not allege the number of "aggrieved employees" or pay periods at issue. Because the total amount in controversy pled in Plaintiff's Complaint is "unclear or ambiguous" on its face, the "preponderance of the evidence standard" applies to determine the amount in controversy in this case for

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

14.

1    purposes of removal. *See Guglielmino, supra,* 506 F. 3d at 699; *Abrego, supra,* 443 F.

2    3d at 683.

3        46.    The PAGA allows "aggrieved employees" to recover civil penalties for

4    violations of the Labor Code. *See Arias v. Superior Court,* 46 Cal. 4th 969, 980

5    (2009). For provisions of the Labor Code that specifically provide for a civil penalty,

6    the PAGA allows aggrieved employees to collect such penalties. *See* Lab. Code §

7    2699(a). For Labor Code provisions that do not provide for civil penalties, PAGA

8    provides a default penalty as follows:

9            If, at the time of the alleged violation, the person employs one
             or more employees, the civil penalty is one hundred dollars
10           ($100) for each aggrieved employee per pay period for the
             initial violation and two hundred dollars ($200) for each
11           aggrieved employee per pay period for each subsequent
             violation. Lab. Code §2699(f)(2).
12

13       47.    Courts have recognized that when an action alleges a PAGA claim, the

14   amount in controversy includes the alleged relief sought on behalf of all aggrieved

15   employees, not just the named plaintiff. Further, for the purposes of calculating the

16   amount in controversy in the CAFA context, courts in this jurisdiction have held that

17   100% of PAGA penalties (as opposed to only the 25% that is paid to the putative class

18   members) may be included in the aggregation of the value of the claims at issue. *See*

19   *e.g., Pagel v. Dairy Farmers Of America, Inc.,* 2013 U.S. Dist. LEXIS 176273 (C.D.

20   Cal. Dec. 11, 2013); *Brooks v. Life Care Centers of America, Inc., et al.,* 214 U.S.

21   Dist. LEXIS 27539 (C.D. Cal. Feb. 21, 2014).

22       48.    The statute of limitations for PAGA actions is one year. *See* Code Civ.

23   Proc. § 340; Lab. Code § 2699.3(d). Plaintiff's PAGA action was pled in her

24   Complaint, filed July 13, 2018. Defendant therefore assumes, without conceding, that

25   Plaintiff will claim that the statutory period for the PAGA claims runs from July 13,

26   2017 to the present. As quoted above, the default penalty under PAGA is calculated

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

on a per-pay-period basis. Lab. Code §2699(f)(2). Defendant paid putative class members on a bi-weekly basis. (Burns Decl., ¶ 9.)

49.    Plaintiff's PAGA claim alleges violation of each of the above-discussed meal and rest period, wage statement and waiting time claims on behalf of herself and "aggrieved employees." (*See* Complaint, ¶¶ 62-65.)

50.    The PAGA civil penalties on each alleged PAGA violation would be in addition to the statutory penalty amounts already calculated above.

### 7.    Attorneys' Fees.

51.    Plaintiff seeks attorneys' fees in her Complaint pursuant to all her causes of action. It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees. *See, e.g., Galt GIS v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). In California, it is not uncommon for an attorneys' fees award to be 25 to 33 percent of the recovery. *See, e.g., Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008), *quoting Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

52.    Plaintiff seeks attorneys' fees for Defendant's alleged California Labor Code violations.    (*See* Complaint, Prayer for Relief.)    Sizeable fee awards are recognized in class actions involving asserted violations of the Labor Code, including Labor Code sections 203 and 226.7. *See e.g., Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-18 (2008) (affirming award of $757,000 in attorneys' fees in a Labor Code section 203 matter); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims seeking waiting time penalties)); *Pellegrino v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 287, 296 (2010) (affirming $558,926 in attorneys' fees for an overtime and meal/rest period

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

class).  Defendant has calculated that Plaintiff has placed in excess of **$10,751,955.52** in damages in controversy under the CAFA. Twenty-five (25) percent of Plaintiff's alleged damages is **$2,687,988.88**.

### 8.    The Total Amount In Controversy Exceeds $5,000,000.00.

53.    Defendant has taken the sum total of the amount in controversy for each alleged violation set forth in Section D(1)-(7), above:

| Alleged Violation | Total Amount in Controversy Calculated for Alleged Violation |
|---|---|
| | |
| Failure to Provide Required Meal Periods | $ 2,106,950.40 |
| Failure to Provide Required Rest Periods | $ 2,106,950.40 |
| Failure to Pay Overtime Wages | $ 3,161,214.72 |
| Failure to Furnish Accurate Itemized Wage Statements | $ 1,342,300.00 |
| Waiting Time Penalties | $ 2,034,540.00 |
| Attorneys' Fees for the Above-Listed Alleged Violations (25%) | $ 2,687,988.88 |
| | |
| PAGA Penalties* | $ |
| | |
| **Total:** | **$ 13,439,944.40** |

*Civil Penalties at $100/$200 pay period per employee per claim.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

17.

54.    Accordingly, although ESA denies Plaintiff's claims of wrongdoing, based on the foregoing, Plaintiff's claims for damages, attorneys' fees, and other monetary relief conservatively exceed the jurisdictional minimum under CAFA. Particularly given the assertion by Plaintiff that he is seeking "all available" remedies, the amount in controversy clearly exceeds $5 million.

### E.    Defendant Is Not A State, State Official, or Other Governmental Entity.

55.    Defendant is a Limited Liability Company.  It is not a state, state official, or other government entity.

## VI.    CONCLUSION

56.    Based upon the foregoing, Defendant submits that it has proven by more than a preponderance of evidence that the District Court may exercise original jurisdiction over this action.

### <u>NOTICE TO PLAINTIFF AND THE STATE COURT</u>

57.    Contemporaneously with the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(b), Defendant is providing Plaintiff, through her counsel, with written notice of the removal.

58.    Further, Defendant is also concurrently filing a copy of the Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Orange, pursuant to 28 U.S.C. §1446(d).

Dated:  October 5, 2018

/s/ *Kurt R. Bockes*
LINDBERGH PORTER
KURT R. BOCKES
DEBORAH OLALEYE
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ESA MANAGEMENT, LLC

FIRMWIDE:158034376.1 052026.1174

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

18.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

LINDBERGH PORTER, Bar No. 100091
KURT R. BOCKES, Bar No. 171647
DEBORAH OLALEYE, Bar No. 315838
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone:   415.433.1940
Fax No.:      415.399.8490
Email:     lporter@littler.com
            kbockes@littler.com
            dolaleye@littler.com


Attorneys for Defendant
ESA MANAGEMENT, LLC

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| ADRIENNE LIGGINS, individually and on behalf of others similarly situated and aggrieved, | Case No.  30-2018-01005653-CU-0E-CXC |
| Plaintiff, | **NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL OF ACTION TO FEDERAL COURT** |
| v. | |
| ESA MANAGEMENT , LLC, a Delaware corporation; EXTENDED STAY AMERICA - ANAHEIM CONVENTION CENTER, a business entity of unknown form, and DOES 1 through 50, inclusive, | |
| Defendants. | |

ITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL

1    TO THE CLERK OF THE SUPERIOR COURT IN THE STATE OF CALIFORNIA,

2    COUNTY OF ORANGE AND TO PLAINTIFF ADRIENNE LIGGINS AND HER COUNSEL

3    OF RECORD:

4        PLEASE TAKE NOTICE THAT on October 5, 2018, Defendant ESA MANAGEMENT,

5    LLC filed a Notice of Removal to Federal Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446

6    ("Notice") in the United States District Court for the Central District of California, a copy of which

7    is attached as **Exhibit 1**.

8        PLEASE TAKE FURTHER NOTICE that, by the filing of such Notice and by the filing

9    herein of this Notice to State Court of Removal to Federal Court, the above-entitled action has been

10   removed from this Court to the United States District Court for the Central District of California.

11   Dated:  October 5, 2018

12

13

14                                    _Kurt R Bockes_

15                                    LINDBERGH PORTER
                                      KURT R. BOCKES
                                      DEBORAH OLALEYE
16                                    LITTLER MENDELSON, P.C.
                                      Attorneys for Defendant
                                      ESA MANAGEMENT, LLC

17

18   FIRMWIDE:157884303.1 052026.1174

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2.

NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL

# EXHIBIT B

9-1-18

7:40 pm          **SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| NOTICE TO DEFENDANT: ESA MANAGEMENT, LLC. a Delaware<br>*(AVISO AL DEMANDADO):* corporation; EXTENDED STAY AMERICA –<br>ANAHEIM CONVENTION CENTER, a business entity of unknown form; and<br>DOES 1 through 50, inclusive,<br><br>YOU ARE BEING SUED BY PLAINTIFF: ADRIENNE LIGGINS individually<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* and on behalf of others<br>similarly situated and aggrieved | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**07/13/2018 at 05:33:30 PM**<br>Clerk of the Superior Court<br>By Sarah Loose,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange<br>751 West Santa Ana Blvd.<br>Santa Ana, California 92701 | CASE NUMBER<br>*(Número de Caso):*<br>**30-2018-01005653-CU-OE-CXC**<br><br>Judge William Claster |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266          DAVID H. YAMASAKI, Clerk of the Court          (310) 531-1900

DATE: 07/13/2018                    Clerk, by _____, Deputy
*(Fecha)*                                    *(Secretario)*              Xfrese            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*          Sarah Loose

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ESA Management, LLC, a Delaware corporation

   under: ☒ CCP 416.10 (corporation)                    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)            ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov,<br>Westlaw Doc & Form Builder |

1  Matthew J. Matern (SBN 159798)
   Joshua D. Boxer (SBN 226712)
2  Roy K. Suh (SBN 283988)
   MATERN LAW GROUP, PC
3  1230 Rosecrans Avenue, Suite 200
   Manhattan Beach, California 90266
4  Telephone: (310) 531-1900
   Facsimile: (310) 531-1901
5
   Attorneys for Plaintiff ADRIENNE LIGGINS
6  individually and on behalf of others similarly
   situated and aggrieved
7

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/13/2018** at 05:33:30 PM
Clerk of the Superior Court
By Sarah Loose, Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF ORANGE

10  ADRIENNE LIGGINS individually and on behalf    )  CASE NO.: 30-2018-01005653-CU-OE-CXC
    of others similarly situated and aggrieved     )
11                                                 )  **COMPLEX – CLASS ACTION**
                     Plaintiff,                    )
12                                                 )  1.  Failure to Provide Required Meal Periods
            v.                                     )  2.  Failure to Provide Required Rest Periods
13                                                 )  3.  Failure to Pay Overtime Wages
    ESA MANAGEMENT, LLC, a Delaware                )  4.  Failure to Pay Minimum Wages
14  corporation; EXTENDED STAY AMERICA –           )  5.  Failure to Timely Pay Wages
    ANAHEIM CONVENTION CENTER, a business          )  6.  Failure to Pay All Wages Due to Discharged
15  entity of unknown form; and DOES 1 through 50, )      and Quitting Employees
    inclusive,                                     )  7.  Failure to Furnish Accurate Itemized Wage
16                                                 )      Statements
                    Defendants                     )  8.  Failure to Maintain Required Records
17                                                 )  9.  Failure to Indemnify Employees for Necessary
                                                   )      Expenditures Incurred in Discharge of Duties
18                                                 )  10. Unfair and Unlawful Business Practices
                                                   )
19                                                 )  **REPRESENTATIVE ACTION**
                                                   )
20                                                 )  11. Penalties under the Labor Code Private
                                                   )      Attorneys General Act
21                                                 )
                                                   )  **DEMAND FOR JURY TRIAL**
22

23                                        Assigned:  Judge William Claster
                                          Dept:      CX102
24

25

26

27

28

                                                i
─────────────────────────────────────────────────────────
          CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

## NATURE OF ACTION

1.   PLAINTIFF ADRIENNE LIGGINS ("PLAINTIFF"), bring this class action and representative action case on behalf of herself and all others similarly situated and aggrieved current and former non-exempt employees, who worked in the State of California for defendant ESA MANAGEMENT, LLC, a Delaware corporation; EXTENDED STAY AMERICA - ANAHEIM CONVENTION CENTER, a business entity of unknown form; and DOES 1 through 50 inclusive (collectively, "DEFENDANTS"), against DEFENDANTS to remedy DEFENDANTS' illegal wage payment policies and practices during the relevant statutory periods, for which PLAINTIFF seeks damages, restitution, penalties, injunctive relief, interest, attorneys' fees and costs, and all other legal and equitable remedies deemed just and proper under California law.

## JURISDICTION AND VENUE

2.   The Superior Court of the State of California has jurisdiction in this matter because, at all relevant times, PLAINTIFF is a resident of the State of California and PLAINTIFF is informed and believes that DEFENDANTS are qualified to do business in California and regularly conduct business in California. Furthermore, no federal question is at issue because PLAINTIFF'S claims are based solely on California law.

3.   Venue is proper in this judicial district and the County of Orange, California because PLAINTIFF and persons similarly situated and aggrieved performed work for DEFENDANTS in the County of Orange, DEFENDANTS maintain offices and facilities and transact business in the County of Orange, and because DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied to PLAINTIFF and other persons similarly situated and aggrieved, in the County of Orange.

## PLAINTIFF AND CLASS MEMBERS

4.   PLAINTIFF, at all time relevant to this action, was a resident of the State of California and an employee of DEFENDANTS.

5.   PLAINTIFF, on behalf of herself and other similarly situated and aggrieved current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four (4) years preceding the filing of this action, and continuing while this action is pending, bring this class

- 1 -

1  and representative action to recover, among other things: wages and penalties from unpaid wages earned

2  and due, including, but not limited to, unpaid minimum wages, unpaid and illegally calculated overtime

3  compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and

4  quitting employees, failure to indemnify employees for necessary expenditures and/or losses incurred in

5  discharging their duties, failure to provide accurate itemized wage statements, failure to maintain

6  required records, and interest, attorneys' fees, costs, and expenses.

7       6.     PLAINTIFF brings this action on behalf of themselves and the following similarly

8  situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of

9  DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to

10  the filing of this action and until the time it settles or proceeds to final judgment (the "CLASS

11  PERIOD").

12      7.     PLAINTIFF reserves the right to name additional class representatives.

13                                    **DEFENDANTS**

14      8.     PLAINTIFF is informed and believes, and thereon alleges, that defendant ESA

15  MANAGEMENT, LLC ("ESA MANAGEMENT, LLC") is, and at all times relevant to this action was,

16  a limited liability company organized and existing under the laws of the State of California with a

17  Secretary of State File Number: 201327710249. .PLAINTIFF is further informed and believes, and

18  thereon alleges, that ESA MANAGEMENT, LLC is, and at all times relevant to this action was,

19  authorized to conduct and did conduct business in the State of California including in offices and

20  facilities in the County of Orange.

21      9.     PLAINTIFF is informed and believes, and thereon alleges, that defendant EXTENDED

22  STAY AMERICA – ANAHEIM CONVENTION CENTER HOTEL ("EXTENDED STAY AMERICA

23  ANAHEIM CONVENTION CENTER") is, and at all times relevant to this action was, a business

24  entity of unknown form organized and existing under the laws of the State of California with a principal

25  place of business located at 1742 South Clementine Street, Anaheim, California 92802. PLAINTIFF is

26  further informed and believes, and thereon alleges, that EXTENDED STAY AMERICA - ANAHEIM

27  CONVENTION CENTER HOTEL is, and at all times relevant to this action was, authorized to conduct

28  and did conduct business in the State of California including in offices and facilities in the County of

1  Orange.

2      10.    The true names and capacities of DOES 1 through 50, inclusive, are unknown to

3  PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE defendants under fictitious names.

4  PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated as a DOE is

5  in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF'S and

6  CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct

7  of such DOE defendants. PLAINTIFF will seek leave of court to amend this Complaint to allege the true

8  names and capacities of such DOE defendants when ascertained.

9      11.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS, at all

10  times relevant to this action, committed acts and omissions in concert with each other. PLAINTIFF is

11  informed and believes, and thereon alleges, that at all times relevant hereto, DEFENDANTS were the

12  joint employers, alter egos, divisions, affiliates, integrated enterprises, subsidiaries, parents, principals,

13  sisters, related entities, co-conspirators, agents, partners, joint venturers, servants, joint enterprisers,

14  and/or guarantors, actual or ostensible, of each other. PLAINTIFF is informed and believes, and thereon

15  alleges, that each of the DEFENDANTS was completely dominated by his, her or its co defendant and

16  had authority, actual or ostensible, to perform the actions alleged herein, unless alleged otherwise.

17      12.    PLAINTIFF is informed and believes, and thereon alleges, that to the extent that certain

18  actions and omissions were perpetrated by certain DEFENDANTS, the remaining DEFENDANTS

19  condoned, authorized, and ratified such acts and omissions. Accordingly, whenever PLAINTIFF alleges

20  that any of the DEFENDANTS or DEFENDANTS' employees or agents, committed an act or omission,

21  PLAINTIFF attributes such allegations to each of the DEFENDANTS individually, jointly, and

22  severally. PLAINTIFF further attributes such allegations to each DEFENDANTS' employees and agents

23  because they acted on behalf of DEFENDANTS within the course and scope of their employment and

24  agency.

25      13.    As a direct and proximate result of DEFENDANTS' unlawful actions, PLAINTIFF and

26  CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet

27  unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

28  \ \ \

CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

14. This action is appropriately suited for a Class Action because:

   a. The potential class is a significant number. Joinder of all current and former employees individually would be impractical.

   b. This action involves common questions of law and fact with respect to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which were applied to all non-exempt employees in violation of the California Labor Code, the applicable IWC Wage Order, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

   c. PLAINTIFF'S claims are typical of CLASS MEMBERS' claims because DEFENDANTS subjected all non exempt employees to identical violations of the California Labor Code, the applicable IWC Wage Order, and the California Business and Professions Code.

   d. PLAINTIFF is able to fairly and adequately protect the interests of all CLASS MEMBERS because it is in PLAINTIFF'S best interest to prosecute the claims alleged herein to obtain full compensation due to PLAINTIFF and CLASS MEMBERS for all services rendered and hours worked.

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 5-2001, § 11]

### (Against all DEFENDANTS)

15. PLAINTIFF incorporates all facts alleged in paragraphs 1-14 as if fully set forth herein.

16. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than a 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code §§ 226.7, 512 and IWC Wage Order No. 5-2001, § 11.

17. DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order

-4-

1  No. 5-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided

2  with a meal period, in accordance with the applicable wage order, one additional hour of compensation

3  at each employee's regular rate of pay for each workday that a meal period was not provided.

4       18.     DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and

5  IWC Wage Order No. 5-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all

6  hours worked during their meal periods.

7       19.     As a proximate result of the aforementioned violations, PLAINTIFF and CLASS

8  MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and

9  due, interest, penalties, expenses, and costs of suit.

10  <u>**SECOND CAUSE OF ACTION**</u>

11  **Failure to Provide Required Rest Periods**

12  **[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 5-2001, § 12]**

13  **(Against all DEFENDANTS)**

14       20.     PLAINTIFF incorporates all facts alleged in paragraphs 1-14 as if fully set forth herein.

15       21.     At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and

16  practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to

17  provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code

18  §§ 226.7 and 512, and IWC Wage Order No. 5-2001, § 12.

19       22.     DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order

20  No. 5-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a

21  rest period, in accordance with the applicable wage order, one additional hour of compensation at each

22  employee's regular rate of pay for each workday that a rest period was not provided.

23       23.     As a proximate result of the aforementioned violations, PLAINTIFF and CLASS

24  MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and

25  due, interest, penalties, expenses, and costs of suit.

26  \\\

27  \\\

28  \\\

MATERN LAW
GROUP, PC
1230 Rosecrans
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

### THIRD CAUSE OF ACTION

#### Failure to Pay Overtime Wages

[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 5-2001, § 3]

(Against all DEFENDANTS)

24.    PLAINTIFF incorporates all facts alleged in paragraphs 1-14 as if fully set forth herein.

25.    Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 5-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

26.    PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 5-2001. During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 5-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF'S and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and by other methods to be discovered.

27.    In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on

1  such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform

2  their obligations under state law, all to their respective damages in amounts according to proof at time of

3  trial, and within the jurisdiction of this Court.

4      28.    DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194,

5  1198 and IWC Wage Order No. 5-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203,

6  226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC

7  Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages

8  owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

9                          **FOURTH CAUSE OF ACTION**

10                        **Failure to Pay Minimum Wages**

11          **[Cal. Labor Code §§ 1194, 1197; IWC Wage Order No. 5-2001, § 4]**

12                            **(Against all DEFENDANTS)**

13      29.    PLAINTIFF incorporates all facts alleged in paragraphs 1-14 as if fully set forth herein.

14      30.    Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 5-2001, § 4,

15  payment to an employee of less than the applicable minimum wage for all hours worked in a payroll

16  period is unlawful.

17      31.    During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS

18  MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or

19  suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering

20  PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately

21  recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain

22  PLAINTIFF'S and CLASS MEMBERS' records; failing to provide accurate itemized wage statements

23  to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

24      32.    DEFENDANTS' conduct described herein violates California Labor Code §§ 1194,

25  1197, and IWC Wage Order No. 5-2001, § 4. As a proximate result of the aforementioned violations,

26  PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.

27  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable

28  provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are

-7-

1  entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest,
2  penalties, attorneys' fees, expenses, and costs of suit.

### FIFTH CAUSE OF ACTION

#### Failure to Pay Timely Wages During Employment

#### [Cal. Labor Code § 204]

#### (Against All DEFENDANTS)

7  33.   PLAINTIFF incorporates all facts alleged in paragraphs 1-14 as if fully set forth herein.

8  34.   Pursuant to California Labor Code § 204, for all labor performed between the 1st and
9  15th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees
10 between the 16th and 26th day of the month during which the labor was performed. California Labor
11 Code § 204 also provides that for all labor performed between the 16th and 26th days of any calendar
12 month, DEFENDANTS are required to pay their nonexempt employees between the 1st and 10th day of
13 the following calendar month. In addition, California Labor Code § 204 provides that all wages earned
14 for labor in excess of the normal work period shall be paid no later than the payday of the next regular
15 payroll period.

16 35.   During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to pay
17 PLAINTIFF and CLASS MEMBERS all the wages they earned when due as required by California
18 Labor Code § 204.

19 36.   Pursuant to California Labor Code § 210, failure to pay the wages of each employee as
20 provided in California Labor Code § 204 will subject DEFENDANTS to a civil penalty of: (1) one
21 hundred dollars ($100) for each failure to pay each employee for each initial violation; and (2) two
22 hundred dollars ($200) for each failure to pay each employee, plus twenty-five percent (25%) of the
23 amount unlawfully withheld, for each subsequent violation.

24 37.   DEFENDANTS' conduct described herein violates California Labor Code § 204. As a
25 proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been
26 damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200,
27 210, 226, 558, 1194, 1197.1 and other applicable provisions under the Labor Code and IWC Wage
28 Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed

1  to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

2  <u>SIXTH CAUSE OF ACTION</u>

3  **Failure to Pay All Wages Due to Discharged and Quitting Employees**

4  **[Cal. Labor Code §§ 201, 202, 203]**

5  **(Against all DEFENDANTS)**

6  38.     PLAINTIFF incorporates all facts alleged in paragraphs 1-14 as if fully set forth herein.

7  39.     Pursuant to California Labor Code §§ 201, 202, and 203, DEFENDANTS are required to

8  pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201

9  mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the

10  time of discharge are due and payable immediately.

11  40.     Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to

12  pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her

13  employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in

14  which case the employee is entitled to his or wages at the time of quitting.

15  41.     California Labor Code § 203 provides that if an employer willfully fails to pay, in

16  accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or

17  who quits, the employer is liable for waiting time penalties in the form of continued compensation to the

18  employee at the same rate for up to 30 workdays.

19  42.     During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages

20  and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor

21  Code §§ 201 and 202.

22  43.     As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory

23  penalties, including the waiting time penalties provided in California Labor Code § 203, together with

24  interest thereon, as well as other available remedies.

25  44.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF

26  and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the

27  time of trial, but not in excess of the jurisdiction of this Court, and are entitled to recovery of such

28  amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code § 1194.

## SEVENTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 5-2001, § 7]

### (Against all DEFENDANTS)

45.    PLAINTIFF incorporates all facts alleged in paragraphs 1-14 as if fully set forth herein.

46.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 5-2001, § 7, including, but not limited to, the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

47.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including, but not limited to, civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including, but not limited to, those provided in California Labor Code § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226; IWC Wage Order No. 5-2001, § 7]

### (Against all DEFENDANTS)

48.    PLAINTIFF incorporates all facts alleged in paragraphs 1-14 as if fully set forth herein.

49.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all

- 10 -

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

1 | applicable hourly rates in effect during each pay period and the corresponding number of hours worked

2 | at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 5-2001, § 7.

3 |      50.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to

4 | provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in

5 | accordance with California Labor Code § 226(a).

6 |      51.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF

7 | and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages

8 | earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to

9 | all available statutory penalties, including, but not limited to, civil penalties pursuant to California Labor

10 | Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees,

11 | including, but not limited to, those provided in California Labor Code § 226(e), as well as other

12 | available remedies.

13 | ## NINTH CAUSE OF ACTION

14 | **Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

15 | **[Cal. Labor Code § 2802]**

16 | **(Against all DEFENDANTS)**

17 |      52.    PLAINTIFF incorporates all facts alleged in paragraphs 1-14 as if fully set forth herein.

18 |      53.    California Labor Code § 2802(a) requires an employer to indemnify an employee for all

19 | necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her

20 | his or her duties, or of his or her obedience to the directions of the employer.

21 |      54.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to

22 | indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in

23 | direct consequence of the discharge of their duties while working under the direction of

24 | DEFENDANTS, including, but not limited to, expenses for cell phone use and other employment-

25 | related expenses, in violation of California Labor Code § 2802.

26 |      55.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF

27 | and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek

28 | reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code §

2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

### TENTH CAUSE OF ACTION

#### Unfair and Unlawful Business Practices

#### [Cal. Bus. & Prof. Code §§ 17200 *et. seq.*]

#### (Against all DEFENDANTS)

56.    PLAINTIFF incorporates all facts alleged in paragraphs 1-14 as if fully set forth herein.

57.    Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including, but not limited to, DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code §§ 17200, *et seq.*

58.    DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF, CLASS MEMBERS and the general public.

59.    DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

60.    As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS

-12-

1    have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF,

2    CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-

3    gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

4        61.    DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS

5    MEMBERS to seek preliminary and permanent injunctive relief, including, but not limited to, orders

6    that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the

7    wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS

8    are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to

9    proof at the time of trial, but not in excess of the jurisdiction of this Court.

10                        **ELEVENTH CAUSE OF ACTION**

11                   **Representative Action for Civil Penalties**

12                      **[Cal. Labor Code §§ 2698–2699.5]**

13                          **(Against DEFENDANTS)**

14        62.    PLAINTIFF incorporates all facts alleged in paragraphs 1-14 as if fully set forth herein.

15        63.    PLAINTIFF are an "aggrieved employees" within the meaning of California Labor Code

16    § 2699(c), and a proper representative to bring a civil action on behalf of himself and other current and

17    former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code

18    § 2699.3, because PLAINTIFF was employed by DEFENDANTS and the alleged violations of the

19    California Labor Code were committed against PLAINTIFF.

20        64.    Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code

21    §§ 2698, *et seq.*, PLAINTIFF seek to recover civil penalties, including, but not limited to, penalties

22    under California Labor Code §§ 2699, 210, 225.5, 226.3, 1174.5, 1197.1, 1199, and IWC Wage Order

23    No. 5-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above,

24    including, but not limited to, violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7,

25    510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF are also entitled to an award of reasonable

26    attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

27        65.    Pursuant to California Labor Code § 2699.3, PLAINTIFF gave written notice by online

28    filing with the California Labor and Workforce Development Agency ("LWDA") and by certified mail

1    to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders

2    PLAINTIFF alleges DEFENDANTS have been violated along with the facts and theories supporting the

3    alleged violations. PLAINTIFF'S notice to the LWDA was accompanied by PLAINTIFF'S payment of

4    $75.00 filing fee. Because the LWDA did not provide PLAINTIFF with notice of its intent to investigate

5    the alleged violations in the 65 calendar days that have lapsed, PLAINTIFF have complied with all of

6    the requirements set forth in California Labor Code § 2699.3 to commence a representative action

7    against DEFENDANTS on behalf of himself and other similarly aggrieved employees of

8    DEFENDANTS. Therefore, PLAINTIFF have complied with all of the requirements set forth in

9    California Labor Code § 2699.3 to commence a representative action under PAGA.

10                                **PRAYER FOR RELIEF**

11        **WHEREFORE**, PLAINTIFF, individually, and on behalf of all other persons similarly situated

12    and aggrieved, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive,

13    and each of them, as follows:

14        1.    For compensatory damages in an amount to be ascertained at trial;

15        2.    For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as

16    disgorged profits from the unfair and unlawful business practices of DEFENDANTS;

17        3.    For meal and rest period compensation pursuant to California Labor Code § 226.7 and

18    IWC Wage Order No. 5-2001;

19        4.    For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

20        5.    For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating

21    the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in

22    the unlawful business practices complained of herein;

23        6.    For waiting time penalties pursuant to California Labor Code § 203;

24        7.    For statutory and civil penalties according to proof, including, but not limited to, all

25    penalties authorized by the California Labor Code §§ 226(e) and 2699;

26        8.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§

27    218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing

28    for pre-judgment interest;

- 14 -

9.     For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

10.    For declaratory relief;

11.    For an order certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12.    For an order appointing PLAINTIFF as a class representative and PLAINTIFF'S counsel as class counsel; and

13.    For such further relief that the Court may deem just and proper.

DATED: July 13, 2018

Respectfully Submitted,
MATERN LAW GROUP, PC

By: _____
MATTHEW J. MATERN
JOSHUA D. BOXER
ROY K. SUH

Attorneys for Plaintiff ADRIENNE LIGGINS
individually and on behalf of others similarly
situated and aggrieved

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demands a jury trial with respect to all issues triable by jury as of right.

DATED: July 13, 2018

Respectfully Submitted,
MATERN LAW GROUP, PC

By: _____
MATTHEW J. MATERN
JOSHUA D. BOXER
ROY K. SUH

Attorneys for Plaintiffs ADRIENNE LIGGINS
individually and on behalf of others similarly
situated and aggrieved

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Matthew J. Matern         SBN: 159798 <br> Matern Law Group, PC <br> 1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266 <br> TELEPHONE NO.:(310) 531-1900   FAX NO.:(310) 531-1901 <br> ATTORNEY FOR *(Name)*:Adrienne Liggins | **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of Orange <br><br> 07/13/2018 at 05:33:30 PM <br> Clerk of the Superior Court <br> By Sarah Loose, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS: 751 West Santa Ana Blvd.
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME: Adrienne Liggins, et al. v. Esa Management, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | [ ] Limited <br> (Amount <br> demanded is <br> $25,000 or less) | [ ] Counter  [ ] Joinder <br><br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | 30-2018-01005653-CU-OE-CXC |
| | | | | JUDGE: Judge William Claster |
| | | | | DEPT: CX102 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify)*: Eleven (11)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 13, 2018

Matthew J. Matern
_____
(TYPE OR PRINT NAME)                             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov <br> Westlaw Doc & Form Builder |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types·and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or
toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil
harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex
case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified
above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

08/14/2018 at 10:04:00 AM
Clerk of the Superior Court
By Olga Lopez, Deputy Clerk

1  MATERN LAW GROUP, PC
   MATTHEW J. MATERN (SBN 159798)
2  JOSHUA D. BOXER (SBN 226712)
   ROY K. SUH (SBN 283988)
3  1230 Rosecrans Avenue, Suite 200
   Manhattan Beach, California 90266
4  Telephone: (310) 531-1900
   Facsimile:  (310) 531-1901
5
   Attorneys for Plaintiff
6  ADRIENNE LIGGINS, individually, and on
   behalf of all others similarly situated and
7  aggrieved

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF ORANGE

10

11 | ADRIENNE LIGGINS individually and on | Case No. 30-2018-01005653-CU-OE-CXC
12 | behalf of others similarly situated and aggrieved | [Assigned for all purposes to the Honorable William Claster, Dept. CX 102]
13 | | 
   | Plaintiff, | NOTICE OF DEPOSIT OF ADVANCE
14 | | JURY FEE BY PLAINTIFF ADRIENNE
   | vs. | LIGGINS
15 | |
   | ESA MANAGEMENT, LLC, a Delaware | Action Filed:       July 13, 2018
16 | corporation; EXTENDED STAY AMERICA | Trial Date:         None Set
   | – ANAHEIM CONVENTION CENTER, a |
17 | business entity of unknown form; and DOES 1 |
   | through 50, inclusive, |
18 | |
19 | |
   |        Defendants. |

20

21

22

23

24

25

26

27

28

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that, pursuant to California Code of Civil Procedure § 631(b), Plaintiff ADRIENNE LIGGINS hereby deposits an advance jury fee in the amount of $150.00 in the above-captioned matter.

Dated:  August 14, 2018

                                        MATERN LAW GROUP, PC

By:
                MATTHEW J. MATERN
                JOSHUA D. BOXER
                ROY K. SUH
                Attorney for Plaintiff
                ADRIENNE LIGGINS, individually, and on behalf of
                all others similarly situated and aggrieved

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

MINUTE ORDER

DATE: 08/10/2018                     TIME: 10:36:00 AM          DEPT: CX104
JUDICIAL OFFICER PRESIDING: William Claster
CLERK: Gus Hernandez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: 30-2018-01005653-CU-OE-CXC  CASE INIT.DATE: 07/13/2018
CASE TITLE: **Liggins vs. ESA Management, LLC**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 72868534
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factor of California Rules of Court 3.715 & 3.400: case is complex.

Each party who has not paid the Complex fee of $ 1,000 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Case Management Conference is scheduled for 10/15/2018 at 08:30 AM in Department CX104.

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352. Plaintiff shall give notice of the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

**The Court issues the attached Case Management Conference Order.**

Court orders clerk to give notice.

DATE: 08/10/2018                     MINUTE ORDER                     Page 1
DEPT: CX104                                              Calendar No.

45.296591. 3 of 5



## CASE MANAGEMENT CONFERENCE ORDER

Prior to the Initial Case Management Conference, counsel for all parties are ordered to meet and confer in person (no later than 10 days before the conference) and discuss the following topics. Additionally, counsel shall be prepared to discuss these issues with this Court at the Initial Case Management Conference:

1. Parties and the addition of parties;
2. Claims and defenses;
3. Issues of law that, if considered by the Court, may simplify or foster resolution of the case.
4. Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc.);
5. A plan for preservation of evidence;
6. A plan for disclosure and discovery;
7. Whether it is possible to plan "staged discovery" so that information needed to conduct meaningful ADR is obtained early in the case, allowing the option to complete discovery if the ADR effort is unsuccessful;
8. Whether a structure of representation such as liaison/lead counsel is appropriate for the case in light of multiple plaintiffs and/or multiple defendants;
9. Procedures for the drafting of a Case Management Order, if appropriate;
10. Any issues involving the protection of evidence and confidentiality.

**Counsel for plaintiff is to take the lead in preparing a Joint Initial Case Management Conference report to be filed on or before** _10.09.2018_.

The Joint Initial Case Management Conference Report is to include the following:

1. A list of all parties and counsel;
2. A statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
3. An outline of the claims and cross-claims and the parties against whom each claim is asserted;
4. Service lists and procedures for efficient service filing;
5. Whether any issues of jurisdiction or venue exist that might affect this Court's ability to proceed with this case;
6. Applicability and enforceability of arbitration clauses;
7. A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;
8. A description of core factual and legal issues;
9. A description of legal issues that, if decided by the Court, may simplify or further resolution of the case;

10. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations on discovery;
11. Whether particular documents and witness information can be exchanged by agreement of the parties;
12. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
13. The usefulness of a written case management order; and
14. A target date and a time estimate for trial.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Case Management Conference Report, the positions of each party or of various parties shall be set forth separately. The parties are NOT to use the case management conference form for non-complex cases (Judicial Council Form CM-110).

Plaintiff shall give notice of the Case Management Conference and serve a copy of this order upon any defendants presently or subsequently served.

ATTORNEYS APPEARING AT THE CASE MANAGEMENT CONFERENCE MUST BE FULLY FAMILIAR WITH THE PLEADINGS AND THE AVAILABLE FACTUAL INFORMATION, AND MUST ALSO HAVE THE AUTHORITY TO ENTER INTO STIPULATIONS. THESE REQUIREMENTS SHALL ALSO APPLY TO ANY FUTURE STATUS CONFERENCES HELD IN THIS CASE.

The Court orders a stay on discovery until after the initial Case Management Conference is held. Notwithstanding the stay, the Court encourages the parties to engage in an informal exchange of information and documents.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | |
| --- | --- |
| Civil Complex Center<br>751 W. Santa Ana Blvd<br>Santa Ana, CA 92701 | |
| SHORT TITLE: Liggins vs. ESA Management, LLC | |
| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | CASE NUMBER:<br>30-2018-01005653-CU-OE-CXC |

I certify that I am not a party to this cause. I certify that a true copy of the above dated has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 8/10/18. Following standard court practice the mailing will occur at Sacramento, California on 8/13/18.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE 200
MANHATTAN BEACH, CA 90266

Clerk of the Court, by: _____, Deputy

CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE

Code of Civ. Procedure , § CCP1013(a)

45.296591 . 2 of 5

SUPERIOR COURT OF CALIFORNIA
ORANGE COUNTY
751 W. SANTA ANA BLVD.
SANTA ANA, CA 92701



45.CRT30.296591.S1
MATERN LAW GROUP, PC
1230  ROSECRANS AVENUE 200
MANHATTAN BEACH, CA 90266

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE**

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

## BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

## DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often·an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|

Telephone No.:                                   Fax No. (Optional):
E-Mail Address (Optional):
ATTORNEY FOR *(Name)*:                                   Bar No:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central – 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center – 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
  ☐  Under section 1141.11 of the Code of Civil Procedure
  ☐  Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____        _____        _____
                            (SIGNATURE OF PLAINTIFF OR ATTORNEY)        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____        _____        _____
                            (SIGNATURE OF DEFENDANT OR ATTORNEY)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use
L1270 (Rev. Jul. 2014)                                   California Rules of Court, rule 3.221

# EXHIBIT C

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| Roy K. Suh SBN 283988<br>MATERN LAW GROUP, PC<br>1230 ROSECRANS AVE., SUITE 200<br>MANHATTAN BEACH CA 90266<br>(310) 531-1900<br>ATTORNEY FOR   Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**09/11/2018** at 12:35:00 PM<br>Clerk of the Superior Court<br>By e Clerk, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
751 W Santa Ana Blvd Bld 36
Santa Ana, CA 92701

| PLAINTIFF/PETITIONER:       Adrienne Liggins | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:      ESA Management, LLC | 30-2018-01005653-CU-OE-CXC |

| Proof of Service of Summons | |
|---|---|

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

Summons

Complaint

Civil Case Cover Sheet

Notice of Deposit of Advance Jury Fee by
Plaintiff Adrienne Liggins

Minute Order

ADR Information Packet

3a. Party Served:

unknown form

Extended Stay America-Anaheim Convention Center, a business entity of

By Serving

4. Address where the party was served:

1742 S Clementine St
Anaheim, CA 92802

5. I served the party:
   b. By substituted service. On: 9/7/2018 at: 01:30 PM I left the documents listed in item 2 with or in the presence of:

CONTINUED ON NEXT PAGE

Code of Civil Procedure, §417.10

**Proof of Service of Summons**

Invoice No:    2177122-02

| PLAINTIFF/PETITIONER: | Adrienne Liggins | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | ESA Management, LLC | 30-2018-01005653-CU-OE-CXC |

Jonathan Stein
Assistant General Manager

Gender: M  AGE: 55  Height: 5'8  Weight: 150  Race: Caucasian  Hair: Brown  Other:

(1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

(4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

d. on behalf of:

Extended Stay America-Anaheim Convention Center, a business entity of unknown form

under the following Code of Civil Procedure section:

415.95 (business organization, form unknown)

7. Person who served papers
   a. Name: Norman R. Valinches
   b. Address: 1545 Wilshire Blvd. Suite 311, Los Angeles, CA 90017
   c. Telephone number: 213-628-6338
   d. The fee for this service was: 131.55
   e. I am:
   (3) [X] a registered California process server:
       (i) [X] Independent Contractor
       (ii) Registration No.: PSC#2908   Expires: 1/23/2020
       (iii) County: Orange

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

9/7/2018

Norman R. Valinches                                    >

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. January 1, 2007]
Billing Code: Liggins, A. v. ESA Management, LLC et al.

Code of Civil Procedure, §417.10

**Proof of Service of Summons**

Invoice No:   2177122-02

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>Roy K. Suh SBN 283988<br>MATERN LAW GROUP, PC<br>1230 ROSECRANS AVE., SUITE 200<br>MANHATTAN BEACH CA 90266<br>ATTORNEY FOR    Plaintiff | TELEPHONE NUMBER<br>(310) 531-1900<br><br>Ref. No. or File No.<br>Liggins, A. v. ESA Managen | FOR COURT USE ONLY |
|---|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE - CIVIL COMPLEX CENTER<br>751 W Santa Ana Blvd Bld 36<br>Santa Ana, CA 92701 | | |
| SHORT TITLE OF CASE:<br>Liggins, Adrienne v. ESA Management, LLC | | |

| INVOICE NO.<br>2177122-02 | DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>30-2018-01005653-CU-OE-CXC |
|---|---|---|---|---|

# BY FAX

### Proof of Service by Mail

I am a citizen of the United States and employed in the County of 0 State of California.  I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action.

On 09/07/2018 after substituted service under section C.C.P. 415.20(a), 415.20(b), or 415.95(a) was made, I served the within:

Summons; Complaint; Civil Case Cover Sheet; Notice of Deposit of Advance Jury Fee by Plaintiff Adrienne Liggins; Minute Order ; ADR Information Packet;

On the defendant, in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon pre-paid for first class in the United States mail at: Santa Ana, California, addressed as follows:

Extended Stay America-Anaheim Convention Center, a business entity of unknown form
1742 S Clementine St
Anaheim, CA 92802

Declarant:
   a. Name: Danielle McCoy
   b. Address: 1545 Wilshire Blvd. Suite 311, Los Angeles, CA 90017
   c. Telephone number: 213-628-6338
   d. The fee for this service was: 131.55
   e. I am:
   (3) [X] a registered California process server:
      (i) [X] Employee
      (ii) Registration No.:
      (iii) County: 0

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

9/7/2018

Danielle McCoy                                                            >

### Proof of Service by Mail

Billing Code: Liggins, A. v. ESA Management, LLC et al.

# EXHIBIT D

## SUPERIOR COURT OF CALIFORNIA,
### COUNTY OF ORANGE
### CIVIL COMPLEX CENTER

#### MINUTE ORDER

DATE: 08/10/2018                      TIME: 10:36:00 AM      DEPT: CX104

JUDICIAL OFFICER PRESIDING: William Claster
CLERK: Gus Hernandez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: 30-2018-01005653-CU-OE-CXC CASE INIT.DATE: 07/13/2018
CASE TITLE: Liggins vs. ESA Management, LLC
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

---

EVENT ID/DOCUMENT ID: 72868534
EVENT TYPE: Chambers Work

---

APPEARANCES

---

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factor of California Rules of Court 3.715 & 3.400: case is complex.

Each party who has not paid the Complex fee of $ 1,000 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Case Management Conference is scheduled for 10/15/2018 at 08:30 AM in Department CX104.

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352. Plaintiff shall give notice of the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

The Court Issues the attached Case Management Conference Order.

Court orders clerk to give notice.

---

DATE: 08/10/2018                MINUTE ORDER                    Page 1
DEPT: CX104                                            Calendar No.

45.296591. 3 of 5

## CASE MANAGEMENT CONFERENCE ORDER

Prior to the Initial Case Management Conference, counsel for all parties are ordered to meet and confer in person (no later than 10 days before the conference) and discuss the following topics. Additionally, counsel shall be prepared to discuss these issues with this Court at the Initial Case Management Conference:

1. Parties and the addition of parties;
2. Claims and defenses;
3. Issues of law that, if considered by the Court, may simplify or foster resolution of the case.
4. Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc.);
5. A plan for preservation of evidence;
6. A plan for disclosure and discovery;
7. Whether it is possible to plan "staged discovery" so that information needed to conduct meaningful ADR is obtained early in the case, allowing the option to complete discovery if the ADR effort is unsuccessful;
8. Whether a structure of representation such as liaison/lead counsel is appropriate for the case in light of multiple plaintiffs and/or multiple defendants;
9. Procedures for the drafting of a Case Management Order, if appropriate;
10. Any issues involving the protection of evidence and confidentiality.

**Counsel for plaintiff is to take the lead in preparing a Joint Initial Case Management Conference report to be filed on or before** _10.09.2018_.

The Joint Initial Case Management Conference Report is to include the following:

1. A list of all parties and counsel;
2. A statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
3. An outline of the claims and cross-claims and the parties against whom each claim is asserted;
4. Service lists and procedures for efficient service filing;
5. Whether any issues of jurisdiction or venue exist that might affect this Court's ability to proceed with this case;
6. Applicability and enforceability of arbitration clauses;
7. A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;
8. A description of core factual and legal issues;
9. A description of legal issues that, if decided by the Court, may simplify or further resolution of the case;

10. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations on discovery;
11. Whether particular documents and witness information can be exchanged by agreement of the parties;
12. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
13. The usefulness of a written case management order; and
14. A target date and a time estimate for trial.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Case Management Conference Report, the positions of each party or of various parties shall be set forth separately. The parties are NOT to use the case management conference form for non-complex cases (Judicial Council Form CM-110).

Plaintiff shall give notice of the Case Management Conference and serve a copy of this order upon any defendants presently or subsequently served.

ATTORNEYS APPEARING AT THE CASE MANAGEMENT CONFERENCE MUST BE FULLY FAMILIAR WITH THE PLEADINGS AND THE AVAILABLE FACTUAL INFORMATION, AND MUST ALSO HAVE THE AUTHORITY TO ENTER INTO STIPULATIONS. THESE REQUIREMENTS SHALL ALSO APPLY TO ANY FUTURE STATUS CONFERENCES HELD IN THIS CASE.

The Court orders a stay on discovery until after the initial Case Management Conference is held. Notwithstanding the stay, the Court encourages the parties to engage in an informal exchange of information and documents.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | |
| --- | --- |
| Civil Complex Center<br>751 W. Santa Ana Blvd<br>Santa Ana, CA 92701 | |
| SHORT TITLE: Liggins vs. ESA Management, LLC | |
| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC<br>SERVICE | CASE NUMBER:<br>30-2018-01005653-CU-OE-CXC |

I certify that I am not a party to this cause. I certify that a true copy of the above dated has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 8/10/18. Following standard court practice the mailing will occur at Sacramento, California on 8/13/18.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE 200
MANHATTAN BEACH, CA 90266

Clerk of the Court, by: _____ , Deputy

CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE

V3 1013a (June 2004)

Code of Civ. Procedure , § CCP1013(a)

45.296591. 2 of 5

SUPERIOR COURT OF CALIFORNIA
ORANGE COUNTY
751 W. SANTA ANA BLVD.
SANTA ANA, CA 92701



45.CRT30.296591.S1
MATERN LAW GROUP, PC
1230  ROSECRANS AVENUE 200
MANHATTAN BEACH, CA 90266

# EXHIBIT E

1  LINDBERGH PORTER, Bar No. 100091
   KURT R. BOCKES, Bar No. 171647
2  DEBORAH OLALEYE, Bar No. 315838
   LITTLER MENDELSON, P.C.
3  333 Bush Street
   34th Floor
4  San Francisco, CA  94104
   Telephone:    415.433.1940
5  Fax No.:     415.399.8490

6  Attorneys for Defendant
   ESA MANAGEMENT, LLC

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF ORANGE

10 ADRIENNE LIGGINS, individually and        Case No.  30-2018-01005653-CU-OE-CXC
   on behalf of others similarly situated and
11 aggrieved,                                 **DEFENDANT ESA MANAGEMENT, LLC'S
                                              ANSWER TO PLAINTIFF'S COMPLAINT**
12                 Plaintiff,
                                              **[Class Action]**
13      v.
                                              ASSIGNED FOR ALL PURPOSES TO JUDGE
14 ESA MANAGEMENT , LLC, a Delaware           HON. WILLIAM CLASTER—DEPT. CX102
   corporation; EXTENDED STAY
15 AMERICA - ANAHEIM CONVENTION
   CENTER, a business entity of unknown
16 form, and DOES 1 through 50, inclusive,

17                 Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415 433 1940

Case No. 3-2018-01005653-CU-OE-CXC

DEFENDANT'S ANSWER TO COMPLAINT

Defendant ESA MANAGEMENT, LLC ("Defendant") hereby answers the Complaint filed by Plaintiff Adrienne Liggins ("Plaintiff") in the above-referenced action as follows:

## I.

### GENERAL DENIAL

Pursuant to section 431.30(b) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint. Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant or on the part of Defendant's agents, representatives or employees. Defendant further denies that this case is appropriate for class treatment.

## II.

### AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not admit any of the allegations of the Complaint and does not assume the burden of proof as to any matter that, as a matter of law, is Plaintiff's burden to prove. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses. Defendant also expressly denies the existence of any alleged putative class of individuals that Plaintiff purports to represent in this lawsuit. Defendant thus expressly denies the existence of any such group each and every time it references "Plaintiff" as if fully set forth therein. All defenses asserted are also asserted against the putative class, except where the claim is asserted only on behalf of the named Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant asserts that Plaintiff's Complaint fails to state facts sufficient to constitute any cause of action against Defendant.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

2.

Case No. 3-2018-01005653-CU-OE-CXC

DEFENDANT'S ANSWER TO COMPLAINT

1

## SECOND AFFIRMATIVE DEFENSE

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Plaintiff's Complaint, and each and every claim for relief therein, are barred in whole or in part by the applicable statutes of limitations, including but not limited to, California Code of Civil Procedure sections 338 and 340, California Labor Code section 203(b), and California Business and Professions Code § 17208.

## THIRD AFFIRMATIVE DEFENSE

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Plaintiff's claims are barred, in whole or in part, because Plaintiff, and/or the members of the putative class she purports to represent, failed to exhaust their administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Plaintiff's claims are barred, in whole or in part, because a representative action of the claims alleged in the Complaint would violate due process under the United States and California Constitutions.

## FIFTH AFFIRMATIVE DEFENSE

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that some or all of the disputed time for which Plaintiff seeks to recover wages purportedly owed is not compensable pursuant to the doctrine of *de minimis non curat lex*.

## SIXTH AFFIRMATIVE DEFENSE

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Plaintiff's claims under California Business and Professions Code §17200, et seq., are barred because Plaintiff has an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, pursuant to California Business and Professions Code §17200, et seq., Plaintiff's claims for restitution are barred to the extent that these claims constitute damages and/or penalties.

## EIGHTH AFFIRMATIVE DEFENSE

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

3.                    Case No. 3-2018-01005653-CU-OE-CXC

DEFENDANT'S ANSWER TO COMPLAINT

1  that Plaintiff's prayer for restitution under California Business and Professions Code § 17200 et seq.,

2  is barred with respect to any alleged violations that have discontinued, ceased, or are not likely to

3  reoccur.

### NINTH AFFIRMATIVE DEFENSE

5  AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Plaintiff's claim for

6  statutory penalties under California Labor Code §203 must fail because any failure to pay wages

7  allegedly due was not willful.

### TENTH AFFIRMATIVE DEFENSE

9  AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Plaintiff's claim for

10  statutory penalties under California Labor Code §203 must fail because any nonpayment of wages

11  alleged in the Complaint is the result of a good faith dispute.

### ELEVENTH AFFIRMATIVE DEFENSE

13  AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, any recovery

14  on Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff and/or members of

15  the putative class she purports to represent, by reason of their acts, conduct, and/or omissions, have

16  waived their rights, if any, to obtain the relief sought in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

18  AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, any recovery on

19  Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff and/or members of the

20  putative class she purports to represent, by reasons of their acts, conduct, and/or omissions, are

21  estopped from obtaining the relief sought in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

23  AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant is

24  informed and believes that a reasonable opportunity for investigation and discovery will reveal, and

25  on that basis alleges, that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

27  AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant is

28  informed and believes that a reasonable opportunity for investigation and discovery will reveal, and

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

4.

Case No. 3-2018-01005653-CU-OE-CXC

DEFENDANT'S ANSWER TO COMPLAINT

1   on that basis alleges, that Plaintiff and/or the members of the putative class she purports to represent

2   would be unjustly enriched if allowed to recover anything from Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

4          AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

5   alleges that all or portions of the claims of Plaintiff and the putative class members are barred by the

6   defense of release, or accord and satisfaction.

### SIXTEENTH AFFIRMATIVE DEFENSE

8          AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant is

9   informed and believes that a reasonable opportunity for investigation and discovery will reveal, and

10  on that basis alleges, that Plaintiff's and the putative class members' claims are barred and/or their

11  right to recovery is reduced by their failure to mitigate their damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

13         AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

14  alleges that each purported cause of action contained in the Complaint, or some of the causes of

15  action, are barred, or any recovery should be reduced pursuant to the avoidable consequences

16  doctrine because Plaintiff, and/or the members of the alleged putative class she seeks to represent,

17  unreasonably failed to pursue the preventive and corrective opportunities provided to them by

18  Defendant and the reasonable use of Defendant's procedures would have prevented some or all of

19  the harm she or they allegedly suffered.

### EIGHTEENTH AFFIRMATIVE DEFENSE

21         AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Plaintiff

22  and the putative class members lack standing to bring their claims as to all or a portion of the claims

23  alleged in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

25         AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

26  asserts that all of Plaintiff's claims on behalf of absent putative class members fail because Plaintiff

27  cannot meet her burden of demonstrating that each requirement of class certification, including but

28  not limited to ascertainability, adequacy, typicality, commonality, predominance, and superiority, is

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

5.          Case No. 3-2018-01005653-CU-OE-CXC

DEFENDANT'S ANSWER TO COMPLAINT

1    met here, and because certifying a class in the circumstances of this case would violate Defendant's

2    rights to due process under the law.  To the extent that class certification is nonetheless granted at a

3    future date, Defendant alleges and asserts each of the defenses previously stated herein against each

4    and every putative class member.

### TWENTIETH AFFIRMATIVE DEFENSE

6           AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Adjudication

7    of this action on a class-wide basis, as applied to the facts and circumstances of this case, would

8    constitute a denial of Defendant's rights to trial by jury and to substantive and procedural due

9    process, in violation of the Fourteenth Amendment of the United States Constitution. *See, e.g., Wal-*

10   *Mart v. Dukes*, 131 S. Ct. 2541 (2011).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

12          AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

13   is informed and believes that a reasonable opportunity for investigation and discovery will reveal,

14   and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of

15   them, cannot be maintained against Defendant because the losses or harms alleged by Plaintiff or

16   any putative class member resulted from the acts or omissions of Plaintiff or the putative class

17   member.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

19          AS  A  TWENTY-SECOND,  SEPARATE  AND  AFFIRMATIVE  DEFENSE,

20   Defendant alleges that Plaintiff lacks standing to bring claims for any civil penalties on behalf of

21   others because she is not an "aggrieved employee," pursuant to the Private Attorneys General Act,

22   Labor Code section 2698 *et seq.*

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24          AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

25   alleges that Plaintiff failed to provide the Labor Workforce Development Agency proper notification

26   of the claims and/or the names of all of the "aggrieved employees" on whose behalf she intends to

27   seek penalties, pursuant to the Private Attorneys General Act, Labor Code section 2698 *et seq.* and

28   failed to identify them in her Complaint.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

6.

Case No. 3-2018-01005653-CU-OE-CXC

DEFENDANT'S ANSWER TO COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that any penalties awarded against it pursuant to the Private Attorneys General Act, Labor Code section 2698 *et seq.*, would be unjust, arbitrary, oppressive or confiscatory.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that it has substantially complied with all statutory obligations alleged in the Complaint and, therefore, imposition of civil penalties under the Private Attorneys General Act, Labor Code section 2698, *et seq.*, would be improper.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that, insofar as Defendant has never been cited by the Labor Commissioner, or received a judgment against it in a court of law, with respect to any of Plaintiff's Labor Code claims, any civil penalties awarded to Plaintiff under the Private Attorneys General Act, Labor Code section 2698, *et seq.*, must be limited to those penalties applicable to an initial violation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

AS A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that to the extent Plaintiff seeks civil penalties pursuant to the Private Attorneys General Act, Labor Code section 2698, *et seq.*, such claims violate the Fifth, Fourteenth and Eighth Amendments of the United States Constitution and also violate Article 1, sections 7 and 8 of the California Constitution, including the prohibition against excessive fines. *People ex rel Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

AS A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is not entitled to recovery of default civil penalties under California Labor Code section 2699(f) for alleged violations of California Labor Code sections for which civil penalties specifically are provided.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

7.        Case No. 3-2018-01005653-CU-OE-CXC

DEFENDANT'S ANSWER TO COMPLAINT

1

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

2      AS A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

3  alleges that the Complaint is barred because Plaintiff is not an adequate and proper representative of

4  the allegedly "aggrieved employees" she seeks to represent.

5

**THIRTIETH AFFIRMATIVE DEFENSE**

6      AS A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

7  alleges that the Complaint is barred because Plaintiff failed to satisfy a condition precedent to

8  commencement of a civil claim under Labor Code section 2698 *et seq.*

9

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

10      AS A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

11  alleges that the Complaint is barred because Plaintiff failed to adequately and properly exhaust

12  administrative remedies required by Labor Code section 2699.3.

13

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

14      AS A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

15  Defendant alleges that the Complaint is barred because neither Plaintiff and/or the allegedly

16  "aggrieved employees" she seeks to represent suffered any actual injury.

17

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

18      AS A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

19  alleges that the Complaint is barred because PAGA is unconstitutionally vague and overbroad as

20  applied to the facts and circumstances of this case, and Plaintiff's Complaint is barred because the

21  prosecution of this action by Plaintiff as a representative of other allegedly "aggrieved employees"

22  would constitute a denial of Defendant's due process rights, both procedural and substantive, in

23  violation of the Fourteenth Amendment of the United States Constitution and the Constitution and

24  laws of the State of California. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408

25  (2003); *People ex rel Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

26

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

27      AS A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

28  Defendant alleges that the Complaint is barred because PAGA is unconstitutional on the basis that it

LITTLER MENDELSON, P.C.
123 Main Street
34th Floor
San Francisco CA 94104
415 433 1940

8.      Case No. 3-2018-01005653-CU-OE-CXC

DEFENDANT'S ANSWER TO COMPLAINT

1  violates the separation of powers doctrine by empowering private attorneys to prosecute public

2  claims, thereby impairing the judiciary's inherent power to regulate attorney conduct.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

4  AS A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

5  alleges that the Complaint is barred because PAGA authorizes recovery of penalties only for the

6  violation of enumerated statutes within PAGA, the applicable Wage Order is not therein enumerated;

7  and, therefore, no PAGA recovery should be allowed.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

9  AS A THIRTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Plaintiff

10  fails to properly state a claim for recovery of costs and attorneys' fees under California Code of Civil

11  Procedure section 1021.5, or any other basis.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

13  AS A THIRTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

14  Defendant alleges that that some or all of Plaintiff's claims, and those of certain putative class

15  members are barred, in whole or in part, on the grounds of res judicata, issue preclusion, or judicial

16  estoppel.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

18  AS A THIRTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

19  is informed and believes that further investigation and discovery will reveal, and on that basis

20  alleges, that to the extent Plaintiff or putative class members are entitled to any additional

21  compensation, which Defendant denies, such additional compensation must be offset by the amount

22  of any compensation or other monies Plaintiff or putative class members received from Defendant in

23  excess of the compensation owed them or previously paid to Plaintiff or putative class members for

24  the same or similar claims.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

26  AS A THIRTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

27  alleges that to the extent Plaintiff or any putative class member failed to take their meal or rest

28  breaks, it was because they: (1) voluntarily elected not to take meal periods provided to them by

LITTLER MENDELSON, P.C
333 Bush Street
34th Floor
San Francisco  CA  94104
415 433 1940

9.    Case No. 3-2018-01005653-CU-OE-CXC

DEFENDANT'S ANSWER TO COMPLAINT

1   Defendant, (2) voluntarily chose not to take rest breaks that were authorized and permitted by

2   Defendant, or (3) waived their right to meal periods or rest breaks.

### FORTIETH AFFIRMATIVE DEFENSE

4   AS A FOFTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant is

5   informed and believes that a reasonable opportunity for investigation and discovery will reveal, and

6   on that basis alleges, any damages suffered were the result of failure by Plaintiff or the putative class

7   to comply with the reasonable expectations of Defendant or follow Defendant's reasonable

8   instructions or policies.

### FORTY-FIRST AFFIRMATIVE DEFENSE

10   AS A FORTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

11   alleges that any alleged failure to provide Plaintiff and/or any other putative class members with

12   wage statements in conformity with California Labor Code section 226(a), to maintain records

13   pursuant to California Labor Code section 1174, pay Plaintiff or any putative class members timely

14   or properly, or any other alleged violation of the California Labor Code was not knowing,

15   intentional, or willful and was not brought to the attention of management, if any.

### FORTY-SECOND AFFIRMATIVE DEFENSE

17   AS A FORTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

18   alleges that Plaintiff and/or any of the other putative class members sustained no injury, as defined

19   by California Labor Code section 226(e)(2), from any alleged failure to provide wage statements in

20   conformity with California Labor Code section 226(a), from the alleged failure to maintain records

21   pursuant to California Labor Code section 1174, or from any other alleged violation of the California

22   Labor Code.

### FORTY-THIRD AFFIRMATIVE DEFENSE

24   AS A FORTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

25   alleges that the Complaint and each cause of action set forth therein, or some of them, cannot be

26   maintained against Defendant to the extent the causes of action must be abated pursuant to

27   California Code of Civil Procedure sections 430.10(c) and 430.30, and/or pursuant to the doctrine of

28   exclusive and continuing jurisdiction and the federal first-to-file rule, until such time as all

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

10.    Case No. 3-2018-01005653-CU-OE-CXC

DEFENDANT'S ANSWER TO COMPLAINT

1 | necessarily related matters have been resolved.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

AS A FORTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that any claim for penalties predicated on California Labor Code sections 226(a), 1174(c) or (d), or any Applicable Wage order fail because Defendant substantially complied with the applicable statute or Wage Order.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

AS A FORTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's and the putative class members' claims for penalties predicated on California Labor Code section 2802, or any alleged failure to provide reimbursement, is barred, in whole or in part, because Defendant did not have reason to know of such expenses and therefore had no duty to reimburse Plaintiff or any putative class member.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

AS A FORTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's and the putative class members' claims for penalties predicated on California Labor Code section 2802, or any alleged failure to provide reimbursement, is barred, in whole or in part, because such expenses for which Plaintiff and the putative class members seek reimbursement were not necessary and were not incurred in direct consequences of the discharge of their duties.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

AS A FORTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's and the putative class members' fifth cause of action for alleged violation of Labor Code section 204 is barred because there is no private right of action under California Labor Code section 204.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

AS A FORTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's and the putative class members' fifth cause of action for alleged violation of Labor Code section 1174 is barred because there is no private right of action under Labor Code section 1174.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

11.    Case No. 3-2018-01005653-CU-OE-CXC

DEFENDANT'S ANSWER TO COMPLAINT

## FORTY-NINTH AFFIRMATIVE DEFENSE

AS A FORTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges the Complaint fails to state a claim for penalties or liquidated damages under the California Labor Code in that (1) there was a bona fide dispute as to Defendant's obligations under any applicable California Labor Code provisions; and (2) Defendant did not willfully fail to pay any wages. Any violation of the California Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith and Defendant had reasonable grounds for believing that its wage payment practices complied with existing laws and that any act or omission was not a violation of the California Labor Code or any Order of the Industrial Welfare Commission, so that Plaintiff and the putative class members are not entitled to any damages in excess of any wages for hours worked which might be found to be due.

Defendant asserts that because Plaintiff's Complaint is couched in conclusive terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

### III.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1.  Plaintiff take nothing by this action;

2.  The Complaint, and each purported cause of action alleged therein, be dismissed in its entirety with prejudice;

3.  Defendant be awarded its costs of suit incurred herein;

4.  Defendant be awarded its attorneys' fees pursuant to law; and

5.  The Court award Defendant such further relief as it deems just and proper.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco CA 94104
415 433 1940

12.    Case No. 3-2018-01005653-CU-OE-CXC

DEFENDANT'S ANSWER TO COMPLAINT

1  Dated:       October 4, 2018

2

3

4    LINDBERGH PORTER
     KURT R. BOCKES
5    DEBORAH OLALEYE
     LITTLER MENDELSON, P.C.
6    Attorneys for Defendant
     ESA MANAGEMENT, LLC

7

8    Firmwide:157044749.1 052026.1174

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

13.                  Case No. 3-2018-01005653-CU-OE-CXC

POS-040

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**   **STATE BAR NO:** <br> Lindbergh Porter, SBN 100091 <br> NAME: Kurt R. Bockes, SBN 171647; Deborah Olaleye, SBN 315838 <br> FIRM NAME: Littler Mendelson, PC <br> STREET ADDRESS: 333 Bush Street, 34th Floor <br> CITY: San Francisco   STATE: CA   ZIP CODE: 94104 <br> TELEPHONE NO.: 415.433.1940   FAX NO.: 415.399.8490 <br> E-MAIL ADDRESS: kbockes@littler.com <br> ATTORNEY FOR (name): Defendant ESA Management, LLC | **FOR COURT USE ONLY** |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange <br> STREET ADDRESS: 751 West Santa Ana Blvd. <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: Santa Ana, CA 92701 <br> BRANCH NAME: |

| | |
|---|---|
| Plaintiff/Petitioner: Adrienne Liggins <br><br> Defendant/Respondent: ESA Management, LLC | **CASE NUMBER:** <br> 30-2018-01005653-CU-OE-CXC |
| **PROOF OF SERVICE—CIVIL** <br> Check method of service *(only one)*: <br> ☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery <br> ☐ By Messenger Service   ☐ By Fax | **JUDICIAL OFFICER:** <br><br> **DEPARTMENT:** |

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age and not a party to this action.

2. My residence or business address is:
   333 Bush Street, 34th Floor, San Francisco, CA 94104

3. ☐ The fax number from which I served the documents is *(complete if service was by fax)*:

4. On *(date):* October 4, 2018    I served the following **documents** *(specify)*:

   DEFENDANT ESA MANAGEMENT, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: Matthew J. Matern, Joshua D. Boxer, Roy K. Suh

   b. ☐   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
   Business or residential address where person was served:
   MATERN LAW GROUP, PC; 1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266

   c. ☐   *(Complete if service was by fax.)*
   Fax number where person was served:

   ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify)*:
   a. ☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 3

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rule 2.306
*www.courts.ca.gov*

American LegalNet, Inc.
www.FormsWorkFlow.com

**POS-040**

| CASE NAME:<br>Adrienne Liggins v. ESA Management, LLC | CASE NUMBER:<br>30-2018-01005653-CU-OE-CXC |
|---|---|

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

(1) ☒ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 4, 2018

Susan A. Becerra
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ *Susan A. Becerra*
_____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶
_____
(SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**


American LegalNet, Inc.<br>www.FormsWorkFlow.com

# EXHIBIT F

1   LINDBERGH PORTER, Bar No. 100091
    KURT R. BOCKES, Bar No. 171647
2   DEBORAH OLALEYE, Bar No. 315838
    LITTLER MENDELSON, P.C.
3   333 Bush Street, 34th Floor
    San Francisco, CA  94104
4   Telephone:  415.433.1940
    Fax No.:     415.399.8490
5   Email:    lporter@littler.com
              kbockes@littler.com
6             dolaleye@littler.com

7

8   Attorneys for Defendant
    ESA MANAGEMENT, LLC

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  ADRIENNE LIGGINS, individually and on behalf of others similarly situated and aggrieved, | Case No. |
| 13 | **DECLARATION OF JAMIE BURNS IN SUPPORT OF DEFENDANT ESA MANAGEMENT, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION** |
| 14             Plaintiff, | |
| 15       v. | **[28 U.S.C. §§ 1332, 1441, 1446]** |
| 16  ESA MANAGEMENT , LLC, a Delaware corporation; EXTENDED | Orange County Superior Court Case No. 30-2018-01005653-CU-OE-CXC |
| 17  STAY AMERICA - ANAHEIM CONVENTION CENTER, a | Complaint filed: July 13, 2018 |
| 18  business entity of unknown form, and DOES 1 through 50, inclusive, | |
| 19             Defendants. | |

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DECLARATION OF JAMIE BURNS

1    I, JAMIE BURNS, declare and state:

2        1.    I am the Division Director, Human Resources, North Division, for ESA

3    Management LLC ("ESA"), the Defendant in this action.  I have personal knowledge

4    of the facts set forth in this declaration, or I have knowledge of such facts based on my

5    review and knowledge of the business records and files of ESA and could testify to

6    the same if called as a witness in this matter.

7        2.    As Division Director, Human Resources, North Division, I am familiar

8    with and have reviewed the business structure and business records of ESA and its

9    sole member Extended Stay America, Inc.  ESA was at the time of this filing, and still

10   is, a limited liability company formed under the laws of the state of Delaware with its

11   principal place of business in Charlotte, North Carolina.  ESA is a wholly owned

12   subsidiary of Extended Stay America, Inc., which at the time of this filing, and still is,

13   a company incorporated under the laws of the State of Delaware with its principal

14   place of business in Charlotte, North Carolina.  Extended Stay America, Inc. and

15   ESA's corporate and executive offices are located in Charlotte, North Carolina.

16   Extended Stay America, Inc. and ESA's senior executives, including the Chief

17   Executive Officer, Chief Financial Officer, Chief Accounting Officer, Chief Human

18   Resources Officer, and Chief Asset Merchant are based in Charlotte, North Carolina.

19   Additionally, Charlotte, North Carolina is where all of Extended Stay America, Inc.

20   and ESA's primary administrative functions and day-to-day operations, including but

21   not limited to payroll, human resources, and employee relations are performed.

22       3.    As Division Director, Human Resources, North Division, I have access to

23   and periodically review data concerning ESA's employees.  ESA's records reflect that

24   Plaintiff Adrienne Liggins was employed by ESA and her last known address is in

25   Orange, California.

26       4.    ESA's data shows that from July 13, 2014 until April 24, 2018, when the

27   data was pulled, ESA has employed approximately 4,384 individuals in non-exempt

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2.

DECLARATION OF JAMIE BURNS

1   positions in the State of California.   These non-exempt California employees were
2   employed for an average of approximately 72 workweeks.
3       5.    ESA's current average hourly rate of pay for non-exempt California
4   employees is $13.35/hr.
5       6.    ESA's data shows that between July 13, 2015 and April 24, 2018, when
6   the data was pulled, ESA has terminated the employment of approximately 2,540
7   individuals who worked in non-exempt positions in the State of California.
8       7.    ESA's data shows that between July 13, 2017 and April 24, 2018, when
9   the data was pulled, ESA has employed approximately 1,732 individuals in non-
10  exempt positions in the State of California.   During that time period, those employees
11  were employed for an average of approximately 32 workweeks in that period.
12      8.    Non-exempt employees at ESA may be employed either on a full-time or
13  a part-time basis.   Full time employees typically work 7.5 to 8 hours per day.   Part-
14  time employees' hours vary from 4-8 hours per day.
15      9.    ESA pays employees on a bi-weekly basis. There are 26 pay periods each
16  year.
17          I declare under penalty of perjury under the laws of the United States of
18  America that the foregoing is true and correct.
19
20      Executed this ___4___ day of October, 2018 at Charlotte, North Carolina.
21
22
23                                      JAMIE BURNS
24  FIRMWIDE:158034166.1 052026.1174
25
26
27
28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

3.

DECLARATION OF JAMIE BURNS

Scanned with CamScanner